## McBRIDE v. O. K. HOUCK PIANO CO.

No. 8294—Opinion Filed Dec. 11, 1917.

(169 Pac. 889.)

**1. Appeal and Error — Granting New Trial —Affirmance.**

On an appeal from an order granting a new trial, unless the trial court in making such order erred upon a pure and unmixed question of law, the order will be affirmed.

**2. Same—Verdict Contrary to Evidence.**

Plaintiff in error appeals from an order granting a new trial because the verdict and judgment were contrary to the evidence. Evidence examined, and held, that the trial court committed no error of law in granting such new trial.

(Syllabus by Rummons, C.)

Error from County Court, McCurtain County; J. D. Parks, Judge.

Action by the O. K. Houck Piano Company against H. McBride. Judgment for defendant, and from an order granting plaintiff a new trial, defendant brings error. Affirmed.

Head & Barrett, for plaintiff in error.

H. Grady Ross and E. C. Armstrong, for defendant in error.

Opinion by RUMMONS, C. The defendant in error, hereinafter styled plaintiff, commenced this action in replevin in the county court of McCurtain county against the plaintiff in error, hereinafter styled the defendant, to recover possession of a piano.

In the first count the petition of plaintiff alleged the execution of a promissory note by the defendant to the plaintiff in the sum of $339, payable in monthly installments of $10 each; alleged the execution of a chattel mortgage upon the piano to secure the payment of said promissory note; alleged default in the payment of the note and breach of the conditions of the chattel mortgage. The petition exhibited the chattel mortgage, but did not exhibit the note. In the second count the petition alleged the execution of a contract between plaintiff and defendant in the following terms:

"State of Oklahoma, McCurtain County.

#### Agreement.

"This agreement entered into this 5th day of May, 1915, by and between L. C. Neal as the agent of O. K. Houck Piano Company, party of the first part, and H. McBride, party of the second part, witnesseth:

"That whereas the party of the first part holds a lien on a certain McPhail piano, serial No. 54411, now in the possession of H. McBride, he having purchased same from party of the first part some time ago, said lien being approximately $320, and said party of the first part having sent its agent to Idabel, Okla., for the express purpose of collecting the balance due or get possession of said piano; and

"Whereas, H. McBride is unable at present to make a payment in full on said piano and being desirous of retaining possession of same until given a further chance to pay said lien in full; and

"Whereas, there are funds which party of the second part expects to be paid through attorney, R. C. Martin:

"Wherefore, it is agreed by and between the parties hereto that in consideration of the party of the first part refraining from foreclosing on said lien above mentioned until the 25th day of May, 1915, the party of the second part agrees to pay unto the party of the first part on or before the 25th day of May, 1915, the entire amount of said lien, the same being approximately $320, or deliver said piano to the party of the first part f. o. b Little Rock, Ark., said piano to be delivered upon failure of payment as above set forth, upon the 25th day of May, 1915, to the St. Louis & San Francisco Railway, at Idabel, Okla., with freight thereon prepaid consigned to party of the first part at Little Rock, Ark.

"Witness our hands this day and year first mentioned."

The petition exhibited the contract.

The defendant answered, admitting the execution of the chattel mortgage and the contract exhibited in the petition, but denied the execution of the promissory note

alleged in the petition. The answer further denied the right of possession of the plaintiff, and asserted ownership and right of possession in the defendant. This answer was verified.

The evidence of plaintiff showed the sale of the piano to the defendant, and that the balance recited in the contract set out in the second count of the petition remained unpaid. The promissory note alleged to have been executed in the first count of the petition was not offered in evidence. The defendant offered no evidence, and the jury returned a verdict for the defendant, upon which judgment was rendered. Thereafter in due time the plaintiff moved for a new trial, which motion was by the court sustained, and a new trial granted. The defendant prosecutes this proceeding in error to reverse this action of the trial court.

In ruling upon the motion for a new trial the court held the verdict and judgment rendered thereon to be contrary to the evidence, and overruled all of the other grounds of the motion for a new trial. It is earnestly insisted by counsel for defendant that this action of the trial court is an error of law for which he is entitled to have the order granting a new trial reversed, and the judgment in his favor reinstated. Counsel for defendant in support of this contention relies upon the fact that the note which the chattel mortgage purported to secure was not exhibited as a part of the petition, nor offered in evidence, and therefore it is contended that there is no evidence in the record of any indebtedness upon which the chattel mortgage could rest. The answer of defendant denied under oath the execution of the note alleged in the petition, and as no note was offered in evidence the presumption would arise that the note was never executed. However, the defendant admitted the execution of the chattel mortgage and of the contract set out in the second count of the petition.

We deem it unnecessary in the determination of this case to consider the question of the failure of the plaintiff to exhibit and offer in evidence the note which the chattel mortgage purported to secure. Counsel for defendant in the argument of this case seem to have overlooked the second count of plaintiff's petition. In that count a contract is pleaded, by the terms of which the defendant admits that plaintiff has a lien upon the piano in controversy, and in consideration of the plaintiff's refraining from foreclosing said lien agrees to pay the bal-

ance due on or before May 25, 1915, or deliver the piano to the plaintiff. The evidence discloses that the defendant did not make payment as agreed in said contract. As between the parties to this transaction upon a breach of this agreement the plaintiff would be entitled to the possession of the piano for the purpose of foreclosing its lien thereon, which lien was admitted by the answer of the defendant.

We therefore conclude that the trial court committed no error of law in granting the motion for a new trial, and the judgment of the court below should be affirmed.

By the Court: It is so ordered.